UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES A. LAMBERT                                                                   PLAINTIFF

V.                                              CIVIL ACTION NO. 3:24-CV-481-KHJ-MTP

CAYLA SPEARS, et al.                                                          DEFENDANTS

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

Pro se Plaintiff James A. Lambert initiated this action on August 16, 2024. Compl. [1]. At the time, he was incarcerated by the Mississippi Department of Corrections. *Id.* at 1. On March 18, 2025, the Court ordered him to respond to certain inquiries concerning the [1] Complaint by April 1. Order Requiring Pl. to Respond [8] at 1. Having received no response, on April 15, the Court ordered Lambert to show cause why the Court should not dismiss the case for failure to comply with a Court Order. Order to Show Cause [10]. Because Lambert still did not respond, the Court entered a [12] Second Order to Show Cause, giving him one more chance to comply. [12] at 1.[1] The response was due May 27. *Id.* at 1–2. Lambert still did not respond.

---

[1] All [8, 10, 12] Orders were mailed to Lambert's address of record but were returned as undeliverable.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Lambert multiple chances to comply. He has not responded, provided a change of address, or otherwise contacted the Court. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to obey Court Orders.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Lambert at his address of record.

SO ORDERED, this 12th day of June, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE